## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Norman Wade Dobbins v. Ameriquest Mortgage Company, et al.*; Case No. 1-08-1986 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC's (erroneously sued as Washington Mutual Mortgage Securities Corp. doing business as Washington Mutual Bank) ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

### ANSWER

Defendant WM SPECIALTY MORTGAGE LLC ("Defendant"), (erroneously sued as "WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. doing business as WASHINGTON MUTUAL BANK") by and through its attorneys, answers Plaintiff NORMAN WADE DOBBINS ("Plaintiffs") Complaint as follows.

### COMPLAINT

COMES NOW NORMAN WADE DOBBINS, the above named Plaintiff and for his cause of action against Defendants AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., CITI RESIDENTIAL LENDING, INC., and WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. doing business as WASHINGTON MUTUAL BANK, hereby states as follows:

### INTRODUCTION

1.    This is an action filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter called "Act") to enforce the Plaintiff's right to rescind a consumer credit transaction,

BN 1643478v1

to void the Defendant Creditor's security interest in the Plaintiffs home, and to recover statutory and actual damages, plus reasonable attorney's fees and costs by reason of violations of the Act and Regulation Z, 12 C.F.R. § 226 (hereinafter called "Regulation Z"). This is also an action against AMERIQUEST MORTGAGE COMPANY for fraud, deceit and nondisclosure and breach of contract in the course of the transaction which gave rise to this action and against the other defendants to the extent that they stand in the shoes of AMERIQUEST as assignees.

**ANSWER:**    **Defendant admits that Plaintiff has filed this lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. § 226 or any state law.    Defendant specifically denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND PARTIES

2.    Jurisdiction of this Court arises under 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment under 28 U.S.C. § 2201.

**ANSWER:**    **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.    Plaintiff NORMAN WADE DOBBINS is a natural person currently residing in Williamson County, Tennessee and is a "consumer" within the meaning of the Act.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.    Defendant AMERIQUEST MORTGAGE COMPANY (hereafter called "AMERIQUEST") is a Delaware for profit corporation with its principal place of business located in Orange, California.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    Defendant AMC MORTGAGE SERVICES, INC. (hereafter called "AMC") is a Delaware for profit corporation with its principal place of business located in Orange, California.

- 2 -

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant CITI RESIDENTIAL LENDING, INC., (hereafter called "CITI") is a Delaware for profit corporation with its principal place of business located in New York, New York.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. doing business as WASHINGTON MUTUAL BANK (hereafter called WASHINGTON MUTUAL) is a Delaware for profit corporation with its principal place of business located in Seattle, Washington.

**ANSWER:**      **Defendant responds that the corporate organization of Washington Mutual Mortgage Securities Corp. is irrelevant because the proper party to this lawsuit is WM Specialty Mortgage LLC as noted in the opening paragraph above.  In addition, Defendant denies that Washington Mutual Mortgage Securities Corp does business as Washington Mutual Bank.   Defendant admits that Washington Mutual Mortgage Securities Corp is a Delaware corporation. Defendant denies any remaining allegations of Paragraph 7.**

8.      At all times relevant hereto AMERIQUEST, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

### FACTUAL ALLEGATIONS

9.      On or about December 16, 2004, the Plaintiff entered into a consumer credit transaction (hereafter "TRANSACTION 1") with AMERIQUEST in which the extended

consumer credit was subject to a finance charge and which was initially payable to AMERIQUEST.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Said TRANSACTION 1 was a refinance of an existing mortgage upon Plaintiff's personal residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.    A true and accurate copy of the Deed of Trust and adjustable rate mortgage note rider resulting from TRANSACTION 1 is attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by this reference is incorporated herein.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.    As a part TRANSACTION 1, AMERIQUEST took a security interest in Plaintiff's home, commonly known as 911 Rebel Circle, Franklin, Williamson County, Tennessee which was and still is used by Plaintiff as his principal dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.    The security interest was not treated to finance the acquisition or initial construction of the Plaintiffs dwelling.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.    All of the documents on which authorized agents on behalf of AMERIQUEST solicited the Plaintiff's signature regarding TRANSACTION 1 were brought to Plaintiffs dwelling by a closing agent and signed by Plaintiff at his dwelling.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.    TRANSACTION 1 was less favorable to the Plaintiff than the plaintiff's existing Bank of America mortgage note. Specifically, said Bank of America mortgage note did not contain a prepayment penalty.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    On December 16, 2004, the Plaintiff was recuperating from orthopedic surgery that he underwent on December 1, 2004 for which he used medication that had been prescribed for him for post-operative pain.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    Immediately prior to December 16, 2004, AMERIQUEST engaged in unfair lending practices by repeatedly sending agents on its behalf to the Plaintiffs dwelling to prey upon the Plaintiff to enter into TRANSACTION 1 at times when the Plaintiff was vulnerable due to his weakened physical condition, and his medicated condition.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.    Specifically, the unfair lending practices and preying consisted of knowingly attempting to persuade Plaintiff that a proposed refinance would be to his advantage, when AMERIQUEST well knew that was not the case, and while AMERIQUEST well knew that this

BN 1643478v1

would be just one more of the many thousands of victims of AMERIQUEST'S deceitful lending practice, well documented in complaints which have been investigated by several governmental authorities and outlined at the information website for the Ameriquest Multistate Settlement at www.ameriquestmultistatesettlement.com.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.    On December 16, 2004, the Plaintiff properly exercised his right to rescind TRANSACTION 1 by notifying AMERIQUEST via his written communication to Creditor using AMERIQUEST'S form entitled "REQUEST TO CANCEL," a true and accurate copy of which is attached hereto, marked as PLAINTIFF'S EXHIBIT B, and by this reference is incorporated herein.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.    Said form provided by AMERIQUEST promised and contracted to, give a one week cancellation period to the Plaintiff claiming **"we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you).**

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.    AMERIQUEST by its actions broke said promise and breached its contract with the Plaintiff.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.    The Plaintiff's "REQUEST TO CANCEL" was delivered to AMERIQUEST'S designated place of business on or before the time provided for by law.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.    AMERIQUEST thereafter contacted the Plaintiff and acknowledged that TRANSACTION 1 had been rescinded, and fraudulently induced him to allow its authorized representatives to return to the Plaintiff's dwelling by claiming to offer the Plaintiff a lower interest rate and no prepayment penalty on a new mortgage refinance loan (TRANSACTION 2).

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.    Thereafter during the weekend, on either Saturday, December 19, 2004 or Sunday, December 14, 2004, the Plaintiff entered into TRANSACTION 2 with AMERIQUEST.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.    Upon information and belief, the material disclosures and notice of right to cancel required by the Act were not provided by AMERIQUEST to the Plaintiff in TRANSACTION 2.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.    AMERIQUEST charged inflated settlement charges to the Plaintiff in TRANSACTION 2.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

BN 1643478v1

27.    AMERIQUEST contacted the Plaintiff on December 20, 2004 and misrepresented that, to get the lower interest rate that the Plaintiff wanted, it had to put a prepayment penalty onto the loan in TRANSACTION 2, but falsely told the Plaintiff that said penalty would only be for two years.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.    AMERIQUEST thereafter engaged in unfair lending practices by fraudulently disregarding TRANSACTION 2 and concealing from the Plaintiff that it failed to implement TRANSACTION 2.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.    Instead, AMERIQUEST thereafter engaged in unfair lending practices by secretly implementing the papers signed in TRANSACTION 1, without the consent of Plaintiff and without providing the disclosures and the notice of right to cancel required by the Act. This conduct is hereafter designated as TRANSACTION 3.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.    At the time that AMERIQUEST engaged in the fraudulent TRANSACTION 3, Plaintiff was entirely unaware, and believed that Transaction 2 was and would remain in effect.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.    AMERIQUEST transferred the loan resulting from this transaction to AMC for mortgage servicing.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.    AMC sent monthly mortgage statements to the Plaintiff in willful disregard of the Plaintiff's "REQUEST' TO CANCEL".

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.    AMC sent notice to the Plaintiff regarding the resetting of the adjustable rate mortgage note which resulted in an increase of the amount due on the monthly mortgage statements thereafter sent to the Plaintiff.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.    AMC unfairly pressured the Plaintiff into fearing that he would lose his dwelling to foreclosure if be failed to make the loan payments regarding the transaction.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.    On or about September 14, 2007, AMC sent a Notice of assignment, sale or transfer of servicing rights to the Plaintiff informing him that the mortgage loan servicing was to be transferred to CITI.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.    Plaintiff has reason to believe that the mortgage loan resulting from TRANSACTION 1 has been sold by AMERIQUEST to WASHINGTON MUTUAL BANK. Specifically, on or about October 23, 2002, CITI sent a letter to the Plaintiff informing him that

the September 14, 2007 letter "named the original creditor of the debt instead of the current creditor". Said October 23, 2007 letter from CITI stated in part that "The creditor to whom the obligation is owned is WASHINGTON MUTUAL BANK".

**ANSWER:** **Defendant admits that it, and not Washington Mutual Bank, is the owner of a loan obtained by Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 36 and on that basis denies such allegations.**

37.     As a result of AMERIQUEST'S violation of the Act and Regulation Z in reference to TRANSACTION 2 and the secret and fraudulent TRANSACTION 3, the Plaintiff suffered financial loss, emotional distress, mental anguish and other actual damages including but not limited to wary, loss of concentration and lack of sleep.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     Alternatively, as a result of each Defendants' attempts to collect a mortgage note obtained in violation of the Act and Regulation Z in reference to TRANSACTION 1, a transaction that was properly cancelled by the Plaintiff, the Plaintiff suffered financial loss, emotional distress, mental anguish and other actual damages including but not limited to worry, loss of concentration and lack of sleep.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

## COUNT I (VIOLATION OF TRUTH IN LENDING ACT AND REGULATION Z)

39.     All three consumer credit transactions were subject to the Plaintiff's right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. 226.23).

**ANSWER:** **Because Paragraph 39 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

- 10 -

40.    On or about December 16, 2004, the Plaintiff property rescinded TRANSACTION 1.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.    More than twenty calendar days have passed since AMERIQUEST received the Plaintiff's notice of cancellation.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.    AMERIQUEST failed to honor the cancellation of TRANSACTION 1 and thereby violated the Act.

**ANSWER:**    **Because Paragraph 42 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

## COUNT II (AMERIQUEST'S BREACH OF CONTRACT)

43.    AMERIQUEST'S willful dishonor of its written agreement to provide a one-week period in which the Plaintiff had the right to cancel the transaction constitutes an intentional breach of its contract which has damaged Plaintiff.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

## COUNT III (AMERIQUEST'S FRAUD AND DECEIT)

44.    AMERIQUEST's secret implementation of TRANSACTION 3 without giving disclosures and a notice of right to cancel, violated the Act and constitutes fraud, deceit, and breach of contract.

**ANSWER:** Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.

## COUNT IV (ASSIGNEE LIABILITY UNDER THE ACT)

45.    WASHINGTON MUTUAL has actual or imputed knowledge of all of the above conduct of AMERIQUEST and stands in the shoes of its assignor.

**ANSWER:** Defendant specifically denies that Washington Mutual has any actual or imputed knowledge of the conduct of Ameriquest. Defendant further specifically denies that Washington Mutual is an assignee of Ameriquest. Defendant admits that it, and not Washington Mutual Bank or Washington Mutual Mortgage Securities Corp., is the owner of Plaintiff's loan. Defendant denies any wrongdoing and denies any liability to Plaintiff.

46.    AMERIQUEST and WASHINGTON MUTUAL failed to take any action necessary of appropriate to reflect the termination of any security interest created under the transaction, as required by 15 U.S.C. § 1635 (b) and Regulation Z § 226.23 (d)(2).

**ANSWER:** Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing and denies any liability to Plaintiff.

47.    AMERIQUEST and WASHINGTON MUTUAL failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including AMERIQUEST, as required by 15 U.S. C. § 1635 (b) and Regulation Z § 226.23 (d) (2) and failed to restore Plaintiff to his former position.

**ANSWER:** Because Paragraph 47 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

48.    AMC and CITI have received money in the form of payments from the Plaintiff and have failed to return said money to the Plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.

49.    As a result, in the course of this consumer credit transaction and the servicing thereof, the Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23.

**ANSWER:    Because Paragraph 49 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

50.    In the course of TRANSACTION 2 and TRANSACTION 3, AMERIQUEST violated 15 U.S.C. by failing to deliver to the Plaintiff two copies of a notice of the right to rescind which:

   a.    Identified the transaction.

   b.    Clearly and conspicuously disclosed the security interest in the Plaintiffs principal dwelling.

   c.    Clearly and conspicuously disclosed the Plaintiffs right to rescind the transaction.

   d.    Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of AMERIQUEST'S place of business.

   e.    Clearly and conspicuously disclosed the effects of rescission.

   f.    Clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:    Because Paragraph 50 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.    In the course of TRANSACTION 2 and TRANSACTION 3, AMERIQUEST failed to deliver all "material disclosures required by the Act and Regulation Z.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

- 13 -

52.    The Plaintiff has a continuing right to rescind until the third business day after receiving both the required notice and all material disclosures required by the Act and Regulation Z, up to three years after consummation of the TRANSACTION 2 and TRANSACTION 3, and hereby exercises that right.

**ANSWER:**    **Because Paragraph 52 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

## COUNT V (EQUITABLE TOLLING)

53.    AMERIQUEST'S fraudulent concealment of its failure to respond to the Plaintiff's previous rescission of the transaction equitably tolls the statute of limitation for its violations of the Act, and for its tortuous conduct and for its breaches of contract.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against Defendants for:

A.    Rescission of this transaction.

B.    Termination of any security interest in the Plaintiffs property created under the transaction.

C.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction.

D.    Statutory damages of $2000 against AMERIQUEST and WASHINGTON MUTUAL for their failure to property respond to the Plaintiffs rescission notice.

E.    Forfeiture of return of loan proceeds.

F.    Actual financial damages, as well as damages for emotional distress and mental anguish, to be determined at trial.

G.    A reasonable attorney's fee for Plaintiff and such other and further relief as may be just and proper.

**ANSWER:**  Because Paragraph 53 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's purported causes of action fail to state a claim upon which relief may be granted.

2.   Plaintiff's claims are barred by the applicable statute of limitations.

3.   Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.   Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.   Plaintiff's claims are barred by the applicable statute of frauds.

6.   Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7.   Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.   Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.   Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.   Plaintiff, by his knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.   As to each cause of action, Defendant is entitled to an offset.

12.   Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

- 15 -

13.   Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.   Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.   Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.   Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant WM Specialty Mortgage LLC prays this court to:

17.   Dismiss Plaintiff's Complaint;

18.   Enter judgment for Defendant and against Plaintiff in this action;

19.   Award Defendant its costs of suit; and

20.   Grant Defendant any and all further and additional relief as it deems just and

Respectfully submitted,

DATED: May 21, 2008

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 16 -

BN 1643478v1

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 21st day of May 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/  Bernard E. LeSage_____

- 17 -

BN 1643478v1